UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COMPTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | NO. CV 14-7397-GAF (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On September 22, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court on July 1, 1999. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Compton v. Warden*, Case No. CV 02-9655-GAF (RC) ("*Compton I*").

On July 1, 1999, Petitioner was convicted of two counts of attempted, premeditated murder and two accounts of assault with a firearm. (Petition at 2). On August 16, 1999, he was sentenced to two life sentences. (*Id.*)

In *Compton I,* Petitioner challenged the same conviction. Dkt. No. 25 at 1-2. A Report issued on the merits on October 21, 2003. The Report recommended that the petition be denied and the action dismissed with prejudice. *Id.* at 16. On November 20, 2003, the Court adopted the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 26-27. On December 23, 2003, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 28. On March 15, 2004, the Ninth Circuit denied the request for a certificate of appealability. *Id.*, Dkt. No. 33.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Compton I*.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction. All pending motions are DENIED.

DATED: September 28, 2014

GARY A. FEESS
United States District Judge